UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOE HAND PROMOTIONS, INC.,

        Plaintiff,

v                                                 Case No. 19-12215
                                                 Honorable Thomas L. Ludington
KAMAL SHUKEIR,

        Defendant.
_____/

**ORDER DENYING MOTION FOR ALTERNATE SERVICE, DENYING MOTION TO EXTEND SUMMONS, AND DISMISSING CASE WITHOUT PREJUDICE**

On July 26, 2019, Plaintiff Joe Hand Promotions, Inc. filed a complaint against Defendant Kamal Shukeir and Defendant Six Lounge. The complaint represents that Plaintiff had the "exclusive right to commercially distribute the audiovisual presentation of the *Floyd Mayweather, Jr. vs. Conor McGregor* boxing match…on Saturday, August 26, 2017." ECF No. 1 at PageID.2. Plaintiff alleges that Defendants "took affirmative steps to circumvent the commercial licensing requirement and unlawfully obtained the Program through an unauthorized cable signal, satellite signal, and/or internet stream." ECF No. 1 at PageID.3.

On July 26, 2019, summons were issued for Defendant Kamal Shukeir and Defendant Six Lounge. ECF Nos. 2, 3. Approximately three months later on October 23, 2019, Plaintiff filed a motion to extend the time for service for Defendant Kamal Shukeir.[1] ECF No. 5. The summons were set to expire the next day, October 24, 2019. Plaintiff alleged that it had attempted to serve process on "August 7, 2019, August 10, 2019 and August 15, 2019," but had not succeeded. ECF

---

[1] The motion only referenced Defendant Kamal Shukeir and made no mention of Defendant Six Lounge. This was despite the fact that the summons for Six Lounge were also set to expire the next day. The Court directed Plaintiff to show cause by November 8, 2019 why Six Lounge should not be dismissed as a defendant for failure to prosecute the case. Plaintiff never filed a response to the Court's order to show cause and the Court dismissed Six Lounge as a defendant on December 2, 2019.

No. 10 at PageID.31. Plaintiff explained that it "recently received the postal verification…containing a new address for Mr. Shukeir." ECF No. 5 at PageID.20. Plaintiff's motion was granted and on November 1, 2019, the Court directed the Clerk of Court to issue a second summons for Defendant Shukeir. ECF No. 6. The order provided that the "second summons will expire on December 26, 2019." *Id.* at PageID.24.

Plaintiff did not file a certificate of service by December 26, 2019. Accordingly, on January 10, 2020, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute. ECF No. 9.

Plaintiff then filed a motion to extend summons and seeking authorization for alternate service of process. ECF No. 10. Plaintiff explains that it had attempted to serve process on Shukeir "on November 10, 2019, November 13, 2019, November 18, 2019 and November 22, 2019," but had not succeeded. *Id.* at PageID.32. Plaintiff requests that the Court extend the summons 45 days and permit Plaintiff to accomplish service of process using an alternate method, specifically "by having a process server 'tack' the summons and complaint to the door at the residence…and by having counsel for Plaintiff send a copy of the summons." ECF No. 10 at PageID.36.

**I.**

Plaintiff's motion will be denied and the complaint dismissed. Pursuant to Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. Pr. 4(m).

Plaintiff has not demonstrated good cause to extend the time for service. The Court's previous order provided that the summons would expire on December 26, 2019. Plaintiff claims that it attempted to serve process four separate times in November, but does not furnish an explanation regarding its efforts to serve process during the month of December. It was not until three weeks after the expiration of the summons and an order to show cause were issued that Plaintiff brought its motion seeking to extend the summons. Plaintiff was granted a second opportunity to serve process. Federal Rule of Civil Procedure 4(m) does not provide for a third opportunity and even if it did, Plaintiff does not furnish any justification for a further extension.

Plaintiff's request to serve process using alternate means will also be denied. The summons have already expired and the time for service will not be extended.

## II.

Accordingly, Plaintiff's motion for alternate service and to extend summons, ECF No. 10, is **DENIED**.

It is further **ORDERED** that Plaintiff's complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

Dated: January 22, 2020                                          s/Thomas L. Ludington
                                                                             THOMAS L. LUDINGTON
                                                                             United States District Judge